Martha Hill Jamison, Justice
This appeal concerns allegations of ineffective assistance of counsel at both the trial and appellate levels. Appellant Deshawn Jackson pleaded guilty to, and the trial court found him guilty of, aggravated robbery. After a presentence investigation hearing, the trial court sentenced appellant to 20 years in prison. Appellant's first appellate counsel filed a motion for new trial alleging appellant received ineffective assistance from his trial counsel but failed to obtain a timely hearing or ruling on the motion, and it was overruled by operation of law. Appellant's second, appointed appellate counsel filed an Anders brief asserting that there was no arguable basis for reversal.[1] We disagreed and ordered the appeal abated for the trial court to appoint new counsel on appeal. Current counsel now argues appellant received ineffective assistance of counsel from both his appointed trial and first appellate counsel. Because the record before us does not support reversal for ineffective assistance of counsel, we affirm.
*241 Background
Appellant was charged with the aggravated robbery of Luisa Alvarado occurring on or about January 15, 2014. See Tex. Penal Code § 29.03(a)(2). The indictment further alleged the use and exhibition of a firearm during the course of the robbery. Appellant pleaded guilty and a presentence-investigation (PSI) report was prepared.
At the subsequent PSI hearing, the State presented evidence that appellant was part of a group of three men who robbed a Family Dollar store where Alvarado worked. One of the men pointed a gun at Alvarado while appellant removed cash from two registers. As they were leaving, the men also robbed a customer who had just entered the building. There was also evidence that the group had robbed someone on a street near the store shortly before entering the building. Appellant acknowledged at the hearing that he associated with a group who called themselves the Money Grabbing Mafia, but he denied that the group was a gang.
The State introduced evidence at the PSI hearing that appellant also was arrested in July 2014 for misdemeanor evading arrest. Appellant reportedly fled after the vehicle he was riding in, which was suspected of being used in an armed robbery, was pulled over by police. Also, in September 2015, appellant was arrested for possession of a controlled substance after police pulled over the vehicle he was riding in; this vehicle was also suspected of being used in a robbery, and three handguns were found in the vehicle.
The State additionally presented evidence regarding the two robberies that were connected to the cars mentioned above in which appellant was a passenger. However, there was no evidence directly connecting appellant to those crimes; the State did not allege appellant participated in the offenses; and appellant denied any involvement other than driving a man shot during one of the robberies to the hospital. Appellant's trial counsel did not object to the admission of evidence regarding any of the extraneous offenses. During his testimony at the hearing, appellant requested that the court place him on deferred adjudication. Trial counsel also requested the court place appellant on deferred adjudication during his closing argument.
On January 15, 2016, the trial court sentenced appellant to 20 years' imprisonment. Appellant's first appointed appellate counsel then timely filed a motion for new trial, alleging, among other things, ineffective assistance of counsel because trial counsel had (1) failed to object to the evidence of extraneous offenses at the PSI hearing, (2) failed to properly prepare for the PSI hearing, and (3) induced appellant to plead guilty by indicating he would receive probation from the trial court. Appellant and his mother signed affidavits that were attached to the motion in which they averred that trial counsel had promised them appellant would receive probation if he pleaded guilty.
The trial court's plenary power expired before the court held a hearing or ruled on the motion for new trial; thus, the motion was overruled by operation of law. See Tex. R. App. P. 21.8(a), (c) ; State v. Holloway , 360 S.W.3d 480, 485 (Tex. Crim. App. 2012). The trial court nonetheless held a hearing on the motion on April 13, after its plenary power had expired. The judge asked the parties to return for argument on April 25, 2016; however, instead of allowing argument on that date, the judge explained that he lacked plenary power over the motion for new trial as it had been overruled by operation of law. He then granted first appellate counsel's motion to withdraw. In the motion to withdraw, first appellate counsel explained that *242 she had made a mistake when rescheduling the hearing on the motion for new trial and that this mistake cost appellant the opportunity to have the motion timely heard. As mentioned above, appellant's second appointed appellate counsel filed an Anders brief, which we rejected. When we abated the appeal, the trial court appointed appellant's current counsel. Current counsel then filed a new motion for new trial, which the trial court declined to hear because our abatement order only authorized the appointment of current counsel.
On appeal, appellant now complains that he received ineffective assistance of counsel (1) from his first appellate counsel because she failed to secure a hearing and a ruling on the first motion for new trial before expiration of the trial court's plenary power and (2) from his trial counsel because he failed to object to the evidence of extraneous offenses and improperly promised appellant that he would receive probation if he pleaded guilty and submitted to a PSI report.[2] In his first issue, appellant specifically requests that we reverse his conviction and remand for a new trial. In his second issue, he requests, in the alternative, that we abate the appeal and remand for a hearing on his motion for new trial.[3]
Standards of Review
Both the United States and Texas Constitutions guarantee an accused the right to assistance of counsel. U.S. Const. amend. VI ; Tex. Const. Art. I, § 10. The right to counsel necessarily includes the right to reasonably effective assistance of counsel. Strickland v. Washington , 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The United States Supreme Court has established a two-prong test to determine whether counsel is ineffective. Id. First, appellant must demonstrate counsel's performance was deficient and not reasonably effective. Id. at 688-92, 104 S.Ct. 2052. Second, appellant must demonstrate the deficient performance prejudiced the defense. Id. at 693, 104 S.Ct. 2052. Essentially, appellant must show his counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms, and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. ; Lopez v. State , 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).
Judicial scrutiny of counsel's performance must be highly deferential, and we are to indulge a strong presumption counsel was effective. Jackson v. State , 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We presume counsel's actions and decisions were reasonably professional and that they were motivated by sound trial strategy. Id. Moreover, it is appellant's burden to rebut this presumption by a preponderance of the evidence, via evidence illustrating why trial counsel did what he did. Id. Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. Thompson v. State , 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).
A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect representation. Robertson v. State , 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). It is not sufficient for the appellant to show, *243 with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. Mata , 226 S.W.3d at 430. Rather, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant "must show that counsel's errors were so serious that he was not functioning as counsel." Patrick v. State , 906 S.W.2d 481, 495 (Tex. Crim. App. 1995). We may not assume a lack of sound trial strategy on the part of trial counsel merely because we are unable to discern any particular strategic or tactical purpose in counsel's trial presentation. See Bone v. State , 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) ("A vague, inarticulate sense that counsel could have provided a better defense is not a legal basis for finding counsel constitutionally incompetent.... [A] defendant must prove, by a preponderance of the evidence, that there is, in fact, no plausible professional reason for a specific act or omission.").
If appellant proves his counsel's representation fell below an objective standard of reasonableness, he still must affirmatively prove prejudice as a result of those acts or omissions. Strickland , 466 U.S. at 693, 104 S.Ct. 2052. If appellant fails to make the required showing of either deficient performance or prejudice, his claim fails. Rylander v. State , 101 S.W.3d 107, 110 (Tex. Crim. App. 2003).
Appellate Assistance
Appellant's complaint regarding his first appellate counsel is that she was ineffective for failing to obtain a hearing and a ruling on the motion for new trial prior to expiration of the trial court's plenary power. Indeed, counsel filed a motion to withdraw in which she acknowledged she had made a mistake calculating the dates. Accordingly, we will presume for the sake of this opinion that appellant's first appellate counsel provided deficient representation in failing to have the motion for new trial heard before the trial court's plenary power expired. See, e.g., Redmond v. State , 30 S.W.3d 692, 699 (Tex. App.-Beaumont 2000, pet. ref'd) (presuming deficient performance where counsel failed to support motion for new trial with timely filed affidavits); Bacey v. State , 990 S.W.2d 319, 333 (Tex. App.-Texarkana 1999, pet. ref'd) (noting counsel failed in duty to assure motion for new trial was timely heard but finding no prejudice as a result).
Regarding the prejudice prong of Strickland , appellant urges the court to presume prejudice based on statements made in the plurality opinion in Belcher v. State , 93 S.W.3d 593 (Tex. App.-Houston [14th Dist.] 2002, order). In that case, the defendant's trial counsel failed to correct the trial judge regarding the deadline for ruling on a motion for new trial, thus allowing the motion to be overruled by operation of law. Id. at 594-95. The plurality opinion determined that counsel's performance in this regard was deficient. Id. at 596-97. It then determined both that actual prejudice resulted, i.e., the trial judge would have timely granted the motion had he been aware of the deadline,[4] and that prejudice should be presumed because in failing to correct the judge, counsel's performance equated to having no counsel at all during a critical phase of the proceedings. Id. at 597-600. The opinion reached the latter conclusion, presuming prejudice, based on the United States Supreme Court's opinion in United States v. Cronic , where the Court stated: "[I]f counsel entirely fails to subject the prosecution's *244 case to meaningful adversarial testing, there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984).
We begin by noting that only the author of the plurality opinion in Belcher adopted the presumption of prejudice under the facts of that case; the concurring judge concluded only that prejudice under Strickland was proven, and the dissenting judge would not have found ineffective assistance of counsel at all. 93 S.W.3d at 597-99 (plurality), 601-02 (Frost, J., concurring), 603-04 (Brister, C.J., dissenting). Consequently, Belcher did not establish controlling precedent on this issue. See, e.g., Pearson v. State , 994 S.W.2d 176, 177 n. 3 (Tex. Crim. App. 1999) (explaining that plurality opinions are not binding precedent). Appellant does not cite and we have not discovered any opinion from this or any other court following Belcher on this point. But cf. Price v. State , No. 04-02-00299-CR, 2003 WL 21697409, at *3 (Tex. App.-San Antonio July 23, 2003, pet. ref'd) (Lopez, C.J., dissenting) (citing Belcher plurality in support of abating appeal and remanding for further proceedings).
Additionally, courts considering similar issues, i.e., concerning a failure of counsel to timely file or obtain a hearing or ruling on a motion for new trial, have consistently required a showing of actual prejudice, meaning that but for counsel's deficient performance, the trial court would have granted the defendant a new trial. See, e.g., Jimenez v. State , 240 S.W.3d 384, 415-16 (Tex. App.-Austin 2007, pet. ref'd) ; Redmond , 30 S.W.3d at 699 ; Bacey , 990 S.W.2d at 333 ; Bryant v. State , 974 S.W.2d 395, 400 (Tex. App.-San Antonio 1998, pet. ref'd). We now join these courts and hold that to demonstrate prejudice, appellant was required to establish that but for counsel's unprofessional error, the result of the proceeding would have been different. See Lopez , 343 S.W.3d at 142.[5]
Here, any prejudice from appellate counsel's failure to obtain a hearing and a ruling on the motion for new trial is dependent on the merits of the motion. Accordingly, we turn to appellant's ineffective assistance complaints against his trial counsel, which were the subject of the motion for new trial.
Extraneous Offenses
Appellant's first complaint against his trial counsel is that counsel failed to object to the extraneous offense evidence included in the PSI report and hearing. In his briefing, appellant provides very little analysis in support of this complaint. The only case he cites, Thomas v. State , expressly states that it only applies to offenses committed before September 1, 1993 due to a change in statutory law. Thomas v. State, 923 S.W.2d 611, 612-13 (Tex. App.-Houston [1st Dist.] 1995, no writ) ; see also Williams v. State , 958 S.W.2d 844, 846 (Tex. App.-Houston [14th Dist.] 1997, pet. ref'd)
*245 (noting the limited applicability of Thomas ).[6]
In lieu of providing substantive analysis of whether trial counsel's performance was deficient because the trial court would have erred in overruling an objection to the extraneous offense evidence had counsel made one, appellant appears to rely on statements trial counsel made in the hearing on the motion for new trial.[7] During that hearing, counsel stated that he thought he had objected to the extraneous offenses, but if he did not, it would have been a "mistake" or "oversight" on his part. However, as explained above, the hearing in question was held after the motion for new trial had been overruled by operation of law. "A hearing conducted after the motion for new trial has been overruled by operation of law is not authorized and will not be considered on appeal ." Morrison v. State , 132 S.W.3d 37, 48 (Tex. App.-Houston [14th Dist.] 2004, pet. ref'd) (emphasis added).
Moreover, even if we were to consider the hearing transcript, trial counsel's testimony would seem to undermine appellant's argument, as counsel additionally indicated that the evidence of extraneous offenses may have been admissible in the PSI hearing such that any objection would have been properly overruled. Trial counsel further testified that the evidence made it clear appellant was not identified as a suspect in the other armed robberies and that the trial judge was already aware of at least some of the extraneous offenses. In short, trial counsel's "admission" at the new trial hearing, even if we were to consider it, does not support appellant's argument that trial counsel's representation of appellant fell below an objection standard of reasonableness in failing to object to the admissions of extraneous offenses as appellant suggests.
On this record, we conclude appellant has failed to rebut the strong presumption that trial counsel's actions were reasonably professional and motivated by sound trial strategy. See Jackson , 877 S.W.2d at 771. He has therefore failed to meet the first prong of Strickland by showing counsel's performance was deficient because he failed to object to the evidence of extraneous offenses at the PSI hearing.[8]
Probation
Appellant next complains that his trial counsel gave him "erroneous advice as to [his] 'eligibility for probation' from the Court." Appellant notes that in their affidavits attached to the motion for new trial, both appellant and his mother stated that trial counsel told them appellant would receive probation if he pleaded guilty and a PSI report was prepared. Appellant asserts that this was erroneous because he was charged with using a deadly weapon *246 and therefore was not eligible for probation from the court, citing Ex parte Sanchez , 475 S.W.3d 287 (Tex. Crim. App. 2015).
In Sanchez , the Court of Criminal Appeals held that the defendant's trial counsel performed deficiently when he advised the defendant incorrectly that he would be eligible for community supervision from the judge if he pleaded no contest to aggravated assault with a deadly weapon. Id. at 287-88.[9] The Court further noted that counsel did not advise the defendant regarding the availability of deferred adjudication and did not file a motion requesting deferred adjudication. Id. at 288.
Although the terminology has changed through the years, Texas law has long authorized different forms of what is commonly referred to as probation. See generally West v. State , 702 S.W.2d 629, 634 (Tex. Crim. App. 1986) (discussing different forms of probation). Because he pleaded guilty to aggravated robbery, appellant was not eligible for community supervision or "initial" probation from the judge, but he was eligible for deferred adjudication probation from the judge. Compare former Tex. Code Crim. Proc. Art. 42.12, § 3g(a)(1)(F) (allowing a judge, in the best interest of justice, the public and the defendant, after a plea of guilty to suspend the imposition of the sentence and place the defendant on community supervision, but not in the case of a defendant adjudged guilty of aggravated robbery), with id. § 5 (allowing a judge, where in the judge's opinion the best interest of society and the defendant will be served and after receiving a plea of guilty, to defer further proceedings without entering an adjudication of guilt, with exceptions not applicable here)[10] ; see also Lopez v. State , 428 S.W.3d 271, 278 (Tex. App.-Houston [1st Dist.] 2014, pet. ref'd).[11] At the PSI hearing, both appellant and trial counsel requested that the judge place him on deferred adjudication. There was no request for community supervision, as was the case in Sanchez . Although Sanchez holds it is deficient representation for an attorney to incorrectly advise his client that he was eligible for probation when a statute unequivocally disallows it, Jackson was eligible for the very category of probation, deferred adjudication, that trial counsel requested. See Tex. Code Crim. Proc. art. 42.12, § 5. This was a reasonable and legally valid strategy, and as such, no basis for an ineffective assistance claim. See Lopez , 428 S.W.3d at 278.
The basis of appellant's complaint is therefore incorrect; appellant was still eligible for the form of probation requested. See Lopez , 428 S.W.3d at 278 (rejecting same argument on same basis); Garza , 2008 WL 596225, at *3 (same); Garcia , 2000 WL 552404, at *3 (same). Accordingly, Sanchez is not controlling.
Appellant has not established on appeal that deferred adjudication probation was not an option at the time of appellant's guilty plea and sentencing. Appellant therefore has not met the first prong of Strickland *247 . Therefore, we conclude appellant failed to establish in either of his arguments that he received ineffective assistance from trial counsel and was prejudiced thereby. His motion for new trial, therefore, had no merit. Because any prejudice from appellate counsel's failure to obtain a hearing and a ruling on the motion for new trial is dependent on the merits of the motion, we further conclude that appellant has failed to show actual prejudice from appellate counsel's failure. Accordingly, we overrule appellant's first issue.
Abatement
In his second issue, appellant argues in the alternative that we should abate the appeal so that the trial court can hold a hearing on his motion for new trial. In support, he cites Cooks v. State , 240 S.W.3d 906 (Tex. Crim. App. 2007), and Monakino v. State , 535 S.W.3d 559 (Tex. App.-Houston [1st Dist.] 2016, order). These cases, however, address a different situation than what occurred in the present case. Cooks and its progeny, including Monakino , concern the deprivation of counsel during the period for filing and presenting a motion for new trial. Cooks , 240 S.W.3d at 910-11 ; Monakino , 535 S.W.3d at 564-66. In both of those cases, the trial courts failed to timely appoint appellate counsel to assist with filing a motion for new trial and trial counsel was no longer acting as counsel for the defendant. When certain requirements are met in such situations-including a determination that the deprivation of counsel was not harmless beyond a reasonable doubt-the proper remedy is to abate the appeal and remand to the trial court to allow a motion for new trial to be presented. See, e.g., Monakino , 535 S.W.3d at 568-69 ; Rogers v. State , No. 14-09-00665-CR, 2011 WL 7290492, at *2-4 (Tex. App.-Houston [14th Dist.] Feb. 8, 2011, order) (not designated for publication); see also Cooks , 240 S.W.3d at 911-12 (denying abatement because deprivation of counsel in that case was harmless beyond a reasonable doubt).
Here, appellant does not complain that he was not appointed appellate counsel during the period for filing a motion for new trial; instead, he complains that he received ineffective assistance from his appointed appellate counsel after the motion for new trial was filed. His claim is therefore subject to an analysis for prejudice under Strickland , not a harmless error analysis as under Cooks and its progeny. Compare Jimenez , 240 S.W.3d at 415-16, and Redmond , 30 S.W.3d at 699, with Cooks , 240 S.W.3d at 910-11, and Monakino , 535 S.W.3d at 564-66. We have concluded that appellant failed to show actual prejudice from appellate counsel's failure to obtain a hearing and a ruling on the motion for new trial. Appellant does not make any other arguments in support of abating the appeal. Accordingly we overrule his second issue.
We affirm the trial court's judgment.

Anders v. California , 386 U.S. 738, 741-42, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) (holding that if appointed counsel "is convinced, after conscientious investigation, that the appeal is frivolous, he may ask to withdraw on that account, and if the court is satisfied that counsel has diligently investigated the possible ground of appeal, and agrees with counsel's evaluation of the case, then it may allow leave to withdraw and deny leave to appeal.").

On appeal, appellant does not raise the third complaint from his motion for new trial, i.e., that trial counsel failed to properly prepare for the PSI hearing.

Appellant does not specify for which motion he seeks a hearing.

The plurality (and the concurring opinion) reached this conclusion based on the fact that the trial court actually granted the late motion, but such grant was without effect because the deadline for a ruling had passed. Belcher , 93 S.W.3d at 595, 600.

It appears that the Belcher plurality may have interpreted the Supreme Court's Cronic opinion too broadly. The Court's statement regarding when "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing" does not apply to appellate counsel's failure to obtain a timely ruling on a motion for new trial. 466 U.S. at 659, 104 S.Ct. 2039. While such error may have serious implications, it did not render the entire adversarial process "presumptively unreliable." Id. ; see also Cannon v. State , 252 S.W.3d 342, 349-50 (Tex. Crim. App. 2008) (discussing and applying Cronic where defense counsel consistently refused to actively participate in the proceedings throughout trial). To obtain a reversal in this case, appellant still must show prejudice. See Strickland , 466 U.S. at 693, 104 S.Ct. 2052 ; Lopez , 343 S.W.3d at 142.

Effective September 1, 1993, the Legislature amended article 37.07 of the Texas Code of Criminal Procedure to allow the admission of unadjudicated, extraneous offenses at the punishment phase of noncapital cases. Williams , 958 S.W.2d at 846.

See Ex parte Martinez , 330 S.W.3d 891, 901 (Tex. Crim. App. 2011) ("To successfully assert that trial counsel's failure to object amounted to ineffective assistance, the applicant must show that the trial judge would have committed error in overruling such an objection.").

We further note that if we were able to consider the transcript from the motion for new trial hearing, the trial judge stated at the conclusion of the hearing that he primarily based appellant's punishment on the events occurring on the day of the Family Dollar robbery. The judge further stated that he did not consider the alleged armed robberies occurring on different days in assessing punishment.

The trial court in Sanchez made findings of deficient performance and resulting prejudice based on counsel's giving erroneous advice; the Court of Criminal Appeals based its holding on these findings. 475 S.W.3d at 288.

Article 42.12 has been re-codified effective September 1, 2017. See Acts 2015, 84th Leg., ch. 770, § 1.01, p. 2321 (see now Tex. Code Crim. Proc. chapter 42A).

We have previously made the same holding in unpublished cases. See Garza v. State , No. 14-06-00747-CR, 2008 WL 596225, at *1-2 (Tex. App.-Houston [14th Dist.] Mar. 6, 2008, pet. ref'd) (mem. op., not designated for publication); Garcia v. State , No. 14-99-00485-CR, 2000 WL 552404, at *3 (Tex. App.-Houston [14th Dist.] May 4, 2000, pet. ref'd) (not designated for publication).