**Order issued October 18, 2016**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-14-00361-CR**

———————————

**BLAKE ANTHONY MONAKINO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County, Texas**
**Trial Court Case No. 1397016**

## ORDER OF ABATEMENT

After appellant, Blake Anthony Monakino, pleaded guilty to the second-degree felony offense of aggravated assault without an agreed punishment recommendation from the State, the trial court assessed his punishment at six years'

confinement.[1]  Although appellant timely filed a pro se notice of appeal, the trial court, believing that appellant did not have the right to appeal, did not appoint appellate counsel until several months later.  In two issues, appellant argues that (1) the trial court erroneously failed to appoint appellate counsel within the time period for filing a motion for new trial, and (2) his trial counsel rendered constitutionally ineffective assistance.  Appellant requests that this Court abate his appeal so he can file an out-of-time motion for new trial.

We abate.

## Background

The State charged appellant with the second-degree felony offense of aggravated assault.  On January 24, 2014, appellant pleaded guilty to the charged offense without an agreed punishment recommendation from the State and judicially confessed to each element of the offense.  The plea paperwork indicated that appellant did not waive his right to a pre-sentence investigation report ("PSI").  The trial court accepted appellant's guilty plea and found that he had entered his plea freely, knowingly, and voluntarily.  The record contains a certification of appellant's right to appeal, signed on January 24, 2014, which indicates that the case was "not a plea bargain case, and [appellant] has the right to appeal."  The trial court reset the case for preparation of a PSI.

---

[1]  *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011).

On April 10, 2014, the trial court held a sentencing hearing. Neither the State nor appellant called any witnesses at this hearing, and the only exhibits admitted into evidence were the PSI and an amendment to the PSI.[2] Appellant's trial counsel stated that she did not object to admission of these exhibits. The PSI included a summary of the offense. According to this summary, around 10:30 p.m. on August 5, 2013, appellant and a friend, Zacarias Mitchell, drove to the residence of the complainant, Timothy Spencer, and shot at Spencer's house with a shotgun. Appellant and Mitchell drove away but returned several minutes later, and Mitchell went to the front door and told Spencer to step outside and fight appellant. When Spencer refused, appellant told Spencer that "if they were not going to fight it out then they would 'gun it out.'" During this incident, Spencer's young son walked outside and towards appellant's car. Spencer grabbed his son, and as they were heading back into the house, appellant fired another shot, which hit Spencer's car and house. No one was injured in this incident. When police officers arrived at appellant's house after speaking with Spencer, they found a car matching the description of the vehicle Mitchell and appellant had used, a shotgun in the vehicle, an unfired shotgun shell in the shotgun, and shotgun shells in both appellant's and Mitchell's pockets.

---

[2] The amendment to the PSI is not included in the appellate record.

The PSI included a statement from appellant that, at the time of this incident, he was under the influence of both alcohol and Xanax. He requested that, instead of jail time, he be ordered to attend substance abuse treatment, and he indicated his willingness to pay restitution to Spencer. Spencer told the investigator completing the PSI that his main concern was receiving restitution to pay for the damages to his house and car. He stated that he was thankful that no one, especially his son, was injured in the incident, and he also stated that he believed appellant "was not in his right mind" during the incident. He stated that he "is leaving punishment to the Judge's discretion."

The PSI also detailed appellant's criminal history and his extensive history of alcohol and substance abuse. The PSI reflected that appellant had twice been admitted to Harris County mental health facilities when he was fifteen and sixteen years old and that, on both occasions, appellant had been under the influence of Xanax and had threatened suicide. Appellant self-reported to the PSI investigator that he has not needed additional mental health care since that time.

At the sentencing hearing, appellant's trial counsel acknowledged appellant's dangerous conduct in the underlying offense but argued that "the root of much of his problems and poor choices are his drug use and his alcohol use." Trial counsel pointed out that Spencer, the complainant, had not requested confinement as a

4

punishment, and counsel requested that appellant be placed on deferred adjudication and be required to attend a substance abuse treatment program.

The trial court found appellant guilty and orally pronounced his sentence as six years' confinement. The written judgment, signed on April 10, 2014, included the following special findings: "Appeal waived. No permission to appeal granted. Defendant to participate in SAFPF program [substance abuse treatment] while in TDC."

On April 17, 2014, appellant filed a handwritten, pro se notice of appeal. The district clerk's office generated a notice of assignment on April 25, 2014, stating that appellant had filed a notice of appeal on April 17, 2014, that the appeal was assigned to this Court, and that appellant's appellate attorney was "to be determined." Appellant's trial counsel did not move to withdraw, and the trial court did not appoint new counsel to represent appellant on appeal.

Over the next several months, appellant continued filing handwritten, pro se "notices of appeal" with the trial court, requesting that he receive an appeal bond and that he be appointed appellate counsel. On June 2, 2014, appellant mailed a handwritten letter to the trial court informing the court that he had filed an appeal and that he had had communications concerning the appeal with this Court. He stated, "I believe now [I'm] waiting for counsel to be appointed." This letter was stamped "DENIED" and was signed by the trial court on June 16, 2014. Appellant

5

mailed another letter to the trial court on July 23, 2014, stating that he had not waived his right to appeal and that the court's certification of his right to appeal indicated that he did have this right. He also stated that he was "still waiting to be appointed an appeal attorney" and that his trial counsel should have filed an appeal for him.

In August 2014, appellant filed a pro se appellate brief in this Court, and the State filed a responsive brief shortly thereafter. On October 9, 2014, this Court issued an order noting that the certification of the right to appeal contained in the clerk's record, which indicated that appellant had the right to appeal, and the written judgment of conviction, which indicated that he did not, were inconsistent. We also noted that there was no indication that appellant's trial counsel moved to withdraw or had been permitted to withdraw, but the district clerk had issued a notice stating that appellant's appellate counsel was "to be determined." We abated the case and ordered the trial court to hold a hearing to execute an amended certification of the right to appeal indicating whether appellant had the right to appeal, to determine whether appellant wished to pursue his appeal, to determine whether appellant's trial counsel wished to continue representing him on appeal, and to determine whether appellant was currently indigent.

On November 6, 2014, nearly seven months after the trial court signed the judgment of conviction, appellant's trial counsel moved to withdraw. The trial court granted this motion. The trial court also held a hearing on this date pursuant to this

Court's abatement order, and appellant, his trial counsel, and counsel for the State were all present. At this hearing, appellant insisted that he had not waived his right to appeal and that he had told his trial counsel that, if he received a prison sentence, he would appeal. The trial court repeatedly stated that appellant did not have the right to appeal. Appellant's trial counsel, the State, and the trial court all expressed their beliefs that the original certification of the right to appeal was incorrect and that the written judgment correctly reflected that appellant did not have the right to appeal. Trial counsel also stated, "I think out of an abundance of caution because of the way the certification was filled out . . . it might be prudent to allow [appellant] to appeal whatever issues his appellate counsel might feel are present. We can note the judgment to reflect the error."

The trial court held a second hearing on November 19, 2014. The State informed the trial court that the written judgment was incorrect and that appellant had the right to appeal. Appellant stated that he still wished to pursue his appeal and that he was indigent. The trial court indicated that it would appoint a new attorney to represent appellant on appeal. The trial court issued findings of fact and conclusions of law summarizing the procedural history of the case and appellant's right to appeal. The trial court appointed appellate counsel on November 19, 2014, and this appeal proceeded. Appointed appellate counsel filed a new appellate brief on behalf of appellant.

**Entitlement to Out-of-Time Motion for New Trial**

In his first issue, appellant contends that the trial court erred by failing to appoint appellate counsel within the thirty-day window for filing a motion for new trial after a judgment of conviction. Appellant requests that this Court abate his appeal and remand the case to the trial court to allow him to file an out-of-time motion for new trial.

A criminal defendant has thirty days after the trial court imposes his sentence to file a motion for new trial. TEX. R. APP. P. 21.4; *see also* TEX. R. APP. P. 21.2 (providing that motion for new trial is "prerequisite to presenting a point of error on appeal only when necessary to adduce facts not in the record"); *Bearman v. State*, 425 S.W.3d 328, 329–30 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (stating that motions for new trial "are helpful for developing evidence of a trial attorney's ineffective assistance of counsel, particularly when the issues concern a claim that is premised on a trial attorney's failure to act"). The Court of Criminal Appeals has held that, as a matter of federal constitutional law, "the time for filing a motion for new trial is a critical stage of the proceedings, and . . . a defendant has a constitutional right to counsel during that period." *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007).

In cases in which a defendant is represented by counsel during trial, there exists a rebuttable presumption that trial counsel "continued to adequately represent

the defendant during this critical [motion-for-new-trial] stage." *Id.* There is a corresponding rebuttable presumption that, when no motion for new trial on behalf of the defendant is filed, this decision was made because the defendant, with the benefit of counsel's advice and representation, considered and rejected that option. *Id.* at 911 n.6; *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998).

Even when a defendant can rebut the presumption that his trial counsel continued to represent him during the time period for filing a motion for new trial by presenting evidence that he was deprived of adequate counsel during this stage, "this deprivation of counsel is subject to a harmless error or prejudice analysis." *Cooks*, 240 S.W.3d at 911. To establish harm, and thus entitlement to an abatement of an appeal to file an out-of-time motion for new trial, the appellant must demonstrate a "facially plausible claim" that could have been developed in a motion for new trial. *See id.* at 911–12 (holding deprivation of counsel during motion-for-new-trial stage harmless beyond reasonable doubt because appellate counsel did not raise any facially plausible claims that could have been presented in motion for new trial). Conclusory allegations of trial counsel's ineffectiveness do not establish a facially plausible claim. *See id.* at 912 (holding that conclusory allegation that "trial counsel failed to call a named material witness in his defense and failed to conduct the promised investigation" did not "establish reasonable grounds to believe that appellant's trial counsel was ineffective" because allegation did not set out what

9

evidence or information would have been revealed that could have changed outcome of case); *but see Bearman*, 425 S.W.3d at 331 (holding that appellant presented facially plausible claim and abating case when appellant demonstrated issue he would raise, namely ineffective assistance for failing to address right to offset in misappropriation of fiduciary funds case, and alleged how result of case would have been different had he had effective counsel, namely, he would not have pleaded guilty).

Here, appellant was represented by appointed counsel during trial. When appellant initially pleaded guilty, without an agreed recommendation on punishment from the State, the trial court signed a certification of the right to appeal indicating that this was not a plea bargain case and that appellant had the right to appeal. After the sentencing hearing, more than three months later, the trial court signed a written judgment of conviction on April 10, 2014, indicating, "Appeal waived. No permission to appeal granted." Trial counsel did not move to withdraw. Appellant filed a pro se notice of appeal on April 17, 2014, and the district clerk generated a notice indicating that the appeal had been assigned to this Court and that appellant's appellate attorney was "to be determined." Over the next several months, appellant filed several pro se notices of appeal, motions for an appeal bond, and other letters with the trial court indicating his desire to appeal his conviction and requesting that

the trial court appoint appellate counsel. One of these letters was stamped "DENIED" and signed by the trial court on June 16, 2014.

After appellant filed a pro se brief in August 2014, this Court noticed the contradiction between the certification of the right to appeal that appeared in the clerk's record and the written judgment, and we abated the case for the trial court to hold a hearing concerning whether appellant had the right to appeal. On November 6, 2014, the day of the hearing, appellant's appointed trial counsel finally filed a motion to withdraw, which the trial court granted. At this hearing, the trial court, the State's attorney, and appellant's trial counsel all agreed that appellant did not have the right to appeal, disagreeing with appellant, who vigorously argued that he did have the right to appeal. The trial court held a second hearing on November 19, 2014, at which counsel for the State informed the trial court that, because appellant pleaded guilty without an agreed punishment recommendation, this was not a plea bargain case and the original certification of the right to appeal, indicating that appellant did have the right to appeal, was correct. The trial court agreed and appointed appellate counsel to represent appellant, more than six months after appellant's time period for filing a motion for new trial had expired.

On appeal, appellant argues that, although his trial counsel did not move to withdraw until November 2014, seven months after the trial court signed the judgment of conviction, because his counsel believed that he did not have the right

11

to appeal, he was effectively unrepresented by counsel during the time period for filing a motion for new trial. *See Cooks v. State*, 190 S.W.3d 84, 88 (Tex. App.—Houston [1st Dist.] 2005) ("When trial counsel 'believes that representation has ended, the appellant as a practical matter receives no assistance at all even though there may still be an attorney of record on the case.'"), *aff'd*, 240 S.W.3d 906 (Tex. Crim. App. 2006). The State "concedes appellant was not adequately represented during this time frame" and agrees that appellant rebutted the presumption that his appointed trial counsel continued to adequately represent him. *See Cooks*, 240 S.W.3d at 911.

In *Green v. State*, this Court held that, to defeat the presumption of adequate representation, an appellant

> must show more than that (1) appellant filed a pro se notice of appeal; (2) the appellate attorney was "to be determined"; (3) the trial court appointed appellate counsel after the expiration of the time for filing a motion for new trial; (4) on appeal, appellant would have raised further complaints had a motion for new trial been filed; (5) appellant appeared without counsel when signing a pauper's oath and requesting appellate counsel; and (6) the record shows no activity by trial counsel or any motion to withdraw from the case.

264 S.W.3d 63, 69 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd); *see also Burnett v. State*, 959 S.W.2d 652, 659 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) ("The filing of pro se matters does not establish deprivation of counsel, because the practice is commonplace when defendants are represented by counsel."). In order to rebut the presumption, the record must "compel[] the conclusion that

12

appellant was abandoned by trial counsel." *Green*, 264 S.W.3d at 71; *Benson v. State*, 224 S.W.3d 485, 498 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (denying request for abatement and holding that "the record shows that appellant was officially represented by counsel at all times in the litigation, and appellant has failed to overcome the presumption that counsel was acting effectively at all times").

In this case, the record "show[s] more than" that appellant filed a pro se notice of appeal, that the notice of assignment listed the appellate attorney as "to be determined," that the trial court appointed appellate counsel long after the time period for filing a motion for new trial had expired, and that appellant would have raised further complaints had a motion for new trial been filed. *See Green*, 264 S.W.3d at 69. Here, at the November 6, 2014 abatement hearing, appellant's trial counsel expressed her agreement with the State's and the trial court's belief that the written judgment was correct and that appellant did not have the right to appeal. Counsel then suggested that, "out of an abundance of caution," it might be prudent for appellant's appeal to proceed with an appellate attorney raising any issues the attorney believed were present. It is therefore reasonable to infer based on this record that because trial counsel did not believe appellant had the right to appeal, she gave appellant no advice about the motion-for-new-trial or the appellate process.

Under the unique facts of this case, we agree with both parties that appellant, although technically still represented by counsel during the time period for filing a

13

motion for new trial, effectively did not receive adequate representation during this time period and thus rebutted the presumption that his appointed trial counsel continued to adequately represent him. *See Massingill v. State*, 8 S.W.3d 733, 736 (Tex. App.—Austin 1999, pet. ref'd) ("Whether retained or appointed, trial counsel is obligated after conviction to consult with and fully advise his client concerning the meaning and effect of the judgment of conviction, the advantages and disadvantages of appeal, and the steps necessary to preserve and pursue the right to appeal."). We therefore turn to whether appellant has demonstrated harm.

To establish harm, appellant must present a "facially plausible claim" that he could have developed in a motion for new trial. *See Cooks*, 240 S.W.3d at 911–12. Here, appellant argues that several issues "should be investigated for a motion for new trial," including: (1) "the extent of trial counsel's investigation prior to advising appellant regarding the plea"; (2) "the extent of trial counsel's investigation into mitigation and other punishment issues, including possible mental health treatment in Harris County Jail"; (3) "the contents of trial counsel's file regarding possible reports by investigator, research into [the] lesser-included offense of deadly conduct, interviews with potential witnesses, interviews with appellant at jail; notes regarding negotiations with the prosecutor"; and (4) "trial counsel's strategies in failing to present any mitigation evidence at the PSI hearing or to file a notice of appeal for

14

[appellant] or a motion to withdraw from representing him at the close of the PSI hearing."

In connection with his second appellate issue, concerning his trial counsel's alleged ineffectiveness, appellant expands on his argument that his trial counsel did not properly investigate mitigating evidence. He points out that, at his sentencing hearing, trial counsel relied entirely on the PSI and did not present any evidence concerning appellant's character or any other mitigating evidence. Appellant argues that despite the PSI's including references to two prior hospitalizations with Harris County mental health facilities, during which appellant expressed suicidal ideation, his trial counsel did not introduce copies of his hospitalization records or any further information about these incidents. The record does not include evidence that counsel sought funds for an evaluation of appellant by a psychologist. Appellant argues that trial counsel made no investigation into his mental health and called no punishment witnesses on his behalf. He contends that, instead, trial counsel, during argument at the sentencing hearing, "focused solely on appellant's drug problems and willingness to take part in the SAFPF [substance abuse treatment] program."

The United States Supreme Court has held that "[i]n assessing the reasonableness of an attorney's investigation [into mitigating evidence], . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate

15

further." *Wiggins v. Smith*, 539 U.S. 510, 527, 123 S. Ct. 2527, 2538 (2003). The Court noted that *Strickland v. Washington*'s ineffectiveness standard "does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant at sentencing," nor does *Strickland* "require defense counsel to present mitigating evidence at sentencing in every case." *Id.* at 533, 123 S. Ct. at 2541. Instead, "'strategic choices made after less than complete investigation are reasonable' only to the extent that 'reasonable professional judgments support the limitations on investigation,'" and "[a] decision not to investigate thus 'must be directly assessed for reasonableness in all the circumstances.'" *Id.* (quoting *Strickland v. Washington*, 466 U.S. 668, 690–91, 104 S. Ct. 2052, 2066 (1984)).

Similarly, this Court has held that trial counsel's "failure to uncover and present mitigating evidence 'cannot be justified as a tactical decision when defense counsel has not conducted a thorough investigation of the defendant's background.'" *Lopez v. State*, 462 S.W.3d 180, 186 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (quoting *Shanklin v. State*, 190 S.W.3d 154, 164 (Tex. App.—Houston [1st Dist.] 2005, pet. dism'd)). Trial counsel has a "professional obligation to conduct a reasonable investigation into his client's background and to evaluate whether the information discovered would be helpful in mitigating against the State's evidence on punishment." *Id.* at 187. In *Lopez*, we held that a PSI report indicating that the

16

defendant "had a below-normal IQ and mental-health diagnoses" should have "raised an issue for counsel whether additional investigation was necessary to uncover more mitigating evidence." *Id.* We held that defense counsel performed deficiently when the evidence presented to the trial court at the motion-for-new-trial hearing indicated that "counsel did not participate in collecting mitigation evidence, did not review the mitigating evidence his client collected without his assistance, and did not present any mitigation evidence on his client's behalf at the hearing." *Id.* at 188. We further concluded that "[b]y neither investigating nor presenting evidence for the trial court to consider in assessing punishment, trial counsel deprived Lopez of even a possibility of developing a mitigating defense," which established prejudice. *Id.* at 189. We concluded that Lopez's ineffective assistance claim was meritorious, and we remanded the case to the trial court for a new punishment hearing. *Id.* at 190. Thus, ineffective assistance of counsel based on a failure to investigate and present mitigating evidence is a proper claim that can be raised in a motion for new trial.

The State argues that appellant failed to present a "facially plausible claim" that he would have raised in a motion for new trial, and it cites the Court of Criminal Appeals' decision in *Cooks* and the Fort Worth Court of Appeals' decision in *Mashburn v. State* for the proposition that appellant's statements about the issues he

would have raised in a motion for new trial were conclusory and not specific enough to set out a "facially plausible claim."

In *Cooks*, the defendant's appellate counsel, who had been appointed with ten days remaining in the time period for filing a motion for new trial, filed a motion with this Court to abate the appeal in order to file an out-of-time motion for new trial. *Id.* at 908. In this motion, appellate counsel argued that the defendant would have claimed in a motion for new trial that his trial counsel was ineffective at his sentencing hearing, and appellate counsel asserted "that she received 'correspondence' from [Cooks] in which [he] stated that 'trial counsel failed to call a named material witness in his defense and failed to conduct the promised investigation.'" *Id.* at 909.

In assessing harm as a result of Cooks' deprivation of counsel, the Court of Criminal Appeals concluded that appellate counsel's allegation in the motion to abate was "conclusory" and "did not establish any facially plausible claim of ineffectiveness of trial counsel." *Id.* at 912. Specifically, the allegation "does not establish reasonable grounds to believe that [Cooks'] trial counsel was ineffective," and the motion to abate "does not set out what evidence or information the 'named material witness' or a 'promised investigation' would have revealed that reasonably could have changed the result of this case." *Id.* The Court of Criminal Appeals thus concluded that the deprivation of counsel did not harm or prejudice Cooks. *Id.*

In *Mashburn*, the defendant's trial counsel timely filed a notice of appeal and a motion for new trial on behalf of the defendant. 272 S.W.3d 1, 4 (Tex. App.— Fort Worth 2008, pet. ref'd). The trial court then appointed appellate counsel and denied trial counsel's motion for new trial. *Id.* On appeal, the defendant argued that he was entitled to an abatement to file a second motion for new trial because he was without counsel for approximately eighteen days of the thirty-day time period and the motion for new trial filed by his trial counsel was inadequate. *Id.* The Fort Worth Court of Appeals concluded that the defendant was not represented by counsel for at least part of the thirty-day time period, but also held that the defendant did not demonstrate harm. *Id.* at 5. Specifically, the court reasoned that the defendant "does not say what issues he would have raised on appeal that were not preserved by the motion for new trial filed and presented by trial counsel, nor are any of the issues in his [appellate] brief barred from consideration by this court for lack of them being properly raised in a motion for new trial." *Id.*

Here, however, appellant specifically lists several issues that he would have raised in a motion for new trial, including "the extent of trial counsel's investigation into mitigation and other punishment issues, including possible mental health treatment in Harris County Jail" and "trial counsel's strategies in failing to present any mitigation evidence at the PSI hearing." In connection with his second issue, his trial counsel's alleged ineffectiveness, appellant expands on this point, arguing

19

that at the sentencing hearing, "trial counsel relied entirely on the information contained in the PSI report and offered no evidence regarding [appellant's] character." Although the PSI indicated that appellant had extensive substance abuse problems and had twice had treatment at Harris County mental health facilities, threatening suicide on both occasions, appellant argues that trial counsel did not investigate his hospitalization records or otherwise try to admit those records into evidence at the sentencing hearing. He also argues that the record does not indicate that trial counsel sought funds for evaluation by a mental health professional. Instead, he argues that trial counsel "chose to rely on the PSI report," calling no witnesses and introducing no exhibits, and her argument at sentencing "focused solely on appellant's drug problems and willingness to take part in the SAFPF [substance abuse treatment] program." Appellant argues that "[t]he mention of the suicide attempts and hospitalizations [in the PSI] would have prompted further investigation by a reasonable defense lawyer."

We conclude that, unlike *Cooks* and *Mashburn*, this is not a "conclusory" allegation of ineffective assistance of counsel for failing to investigate and present mitigating evidence. Instead, appellant argues that not only did trial counsel call no witness and introduce no exhibits on his behalf, he specifically points out that, due to the references of his past substance abuse history and his past mental-health-related hospitalizations in the PSI, his trial counsel should have further investigated

20

this potential mitigating evidence. We conclude that appellant has raised a "facially plausible claim" that he could have presented in a motion for new trial. *See Bearman*, 425 S.W.3d at 331 (holding that appellant presented "facially plausible claim" when he argued that trial counsel erroneously advised him to plead guilty to misappropriating more than $200,000 in fiduciary funds when he had interest in portion of those funds, which statutorily would have entitled him to offset and potentially could have changed degree of offense). We therefore hold that appellant has established that he is entitled to an abatement of this appeal to file an out-of-time motion for new trial.

We sustain appellant's first issue.[3]

## Conclusion

We abate the proceedings, remand the case to the trial court, and restart the appellate timetable to allow appellant the opportunity to file an out-of-time motion

---

[3]  Because we sustain appellant's first issue, abate the proceeding, and restart the appellate timetable to allow appellant the opportunity to file an out-of-time motion for new trial, we need not address appellant's second issue concerning whether his trial counsel rendered constitutionally ineffective assistance of counsel. If the trial court grants appellant's motion for new trial, the record will be supplemented with the trial court's order, and appellant's appeal will be dismissed. *See Prudhomme v. State*, 28 S.W.3d 114, 121 (Tex. App.—Texarkana 2000, no pet.); *Massingill v. State*, 8 S.W.3d 733, 738–39 (Tex. App.—Austin 1999, no pet.). If the trial court overrules the motion, the record will be supplemented with the order and a reporter's record of any hearing on the motion, and the parties will be allowed to brief any issues relating to the overruled motion. *See Prudhomme*, 28 S.W.3d at 121; *Massingill*, 8 S.W.3d at 739.

for new trial.  The timetable for filing a motion for new trial shall begin running on the date the district clerk receives this opinion.

Evelyn V. Keyes
Justice

Panel consists of Justices Jennings, Keyes, and Brown.

Publish.  TEX. R. APP. P. 47.2(b).