**Affirmed and Memorandum Opinion filed January 26, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-19-00914-CR

**FREDERICK KENT PETERS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 6**
**Harris County, Texas**
**Trial Court Cause No. 2196610**

## MEMORANDUM OPINION

In this appeal from a conviction for assault, the sole issue presented is whether the appeal should be abated so that appellant may file an out-of-time motion for new trial. For the reasons given below, we overrule this issue and affirm the trial court's judgment.

# BACKGROUND

Appellant was charged with assaulting his teenaged son. He pleaded not guilty, but a jury found otherwise. The trial court sentenced him to one year in the county jail, then suspended that sentence for a one-year period of community supervision.

The trial court certified that appellant had the right of appeal. On the certification form, appellant signed a statement acknowledging that he had been informed of his appellate rights.

Two days after the trial court imposed its sentence in open court, appellant's trial counsel moved to withdraw from the case. The motion did not indicate that appellant requested the appointment of appellate counsel. The trial court granted the motion that same day.

Twenty-eight days later (i.e., thirty days after sentencing), appellant signed a pro se notice of appeal, but he did not file his notice of appeal on that same day. Rather, appellant attempted an electronic filing in the early morning hours of the next day, and the notice of appeal was not stamped as filed until two days after that— both of those days being outside the traditional thirty-day window for filing a notice of appeal. *See* Tex. R. App. P. 26.2(a)(1).

Two days after the notice of appeal was file stamped, appellant formally requested the appointment of appellate counsel. The trial court granted that request that same day, which was thirty-five days after sentencing.

Appellate counsel promptly identified that the pro se notice of appeal was untimely and moved for an extension within the fifteen-day grace period allowed by our rules. *See* Tex. R. App. P. 26.3. We granted that extension.

Appellate counsel has since filed a brief, arguing in a single issue that the appeal should be abated for appellant to file an out-of-time motion for new trial because appellant was deprived of his right to counsel for most of the thirty-day period in which a motion for new trial could have been filed. *See* Tex. R. App. P. 21.4(a).

**ANALYSIS**

To abate an appeal for the filing of an out-of-time motion for new trial, the defendant must satisfy two burdens: first, he must show that the trial court deprived him of counsel during the thirty-day period for filing a motion for new trial; and second, he must show that the deprivation resulted in harm. *See Cooks v. State*, 240 S.W.3d 906, 911–12 (Tex. Crim. App. 2007). We need only focus on the first of these burdens, because appellant's failure to meet it forecloses his claim for relief.

A defendant can show that the trial court deprived him of counsel if the record establishes that his trial counsel withdrew on the day of sentencing (i.e., at the very beginning of the thirty-day period) and that the trial court failed to appoint appellate counsel despite the defendant's timely request to pursue an appeal. *E.g.*, *Parker v. State*, 604 S.W.3d 555, 558 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Alternatively, if counsel did not withdraw on the day of sentencing, a defendant can still show that he was deprived of counsel if the defendant establishes that counsel provided inadequate representation, which may be demonstrated by such evidence as counsel's mistaken belief that the defendant had no right to appeal. *E.g.*, *Monakino v. State*, 535 S.W.3d 559, 565 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

Appellant's case does not fit either of these models for showing that he was deprived of counsel. Unlike counsel in *Parker*, counsel here did not withdraw at the very beginning of the thirty-day period. Instead, he withdrew two days after the trial

court imposed its sentence in open court, and we generally presume that counsel provided adequate representation for as long as he remained on the case. *See Cooks*, 240 S.W.3d at 911. Appellant could have rebutted this presumption, as was done in *Monakino*, but appellant has made no argument to that effect.

Appellant suggests instead that he is entitled to relief simply because he did not receive appellate counsel until after the thirty-day period had expired. Appellant seems to believe that the trial court was obligated to appoint appellate counsel at an earlier date, like perhaps when trial counsel was allowed to withdraw, but the trial court had no such obligation. In a non-death penalty case, the trial court's duty to appoint appellate counsel is activated only when the defendant manifests a desire to appeal his conviction. *See Jones v. State*, 98 S.W.3d 700, 702 (Tex. Crim. App. 2003) ("We must now decide whether the appellant sufficiently manifested his desire to appeal so as to put the trial court on notice that it must determine whether the appellant was indigent and, if so, appoint appellate counsel."); *see also Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988) (clarifying that the "trial court has discretion, but not a duty or responsibility, to inform a defendant of his right to appeal and of other appellate matters"). Appellant first made his desire known to the trial court when he filed his pro se notice of appeal, but by that time, the period for filing a motion for new trial had already passed.

The pro se notice of appeal is proof in addition to the certification form that appellant had been advised of his appellate rights. *See Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998) ("The fact that the appellant filed a pro se notice of appeal is evidence that she must have been informed of at least some of her appellate rights."). But he sat on those rights for too long. Because the record does not show that appellant timely manifested a desire to appeal his conviction, we cannot say that the trial court had a duty to appoint appellate counsel within the

critical thirty-day period for filing a motion for new trial, or that the trial court otherwise deprived appellant of his constitutional right to counsel. *See Ex parte Engle*, 418 S.W.2d 671, 675–76 (Tex. Crim. App. 1967) (concluding that the defendant failed to establish that he had been deprived of his right to appeal or to the appointment of appellate counsel where the record did not show that the defendant "manifested in any way to the trial court or any responsible official or representative of the State his desire to appeal, or that they knowing of his desire failed to aid him"). Accordingly, appellant has not shown that he is entitled to an abatement for the filing of an out-of-time motion for new trial.

## CONCLUSION

The trial court's judgment is affirmed.

/s/ Tracy Christopher
   Chief Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Zimmerer.

Do Not Publish – Tex. R. App. P. 47.2(b).