Opinion issued December 21, 2021



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00500-CR

————————————

## MARLON WINDON, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 180th District Court
Harris County, Texas
Trial Court Case No. 1535144

## MEMORANDUM OPINION

Appellant, Marlon Windon, pleaded guilty without an agreed recommendation to evading arrest with a motor vehicle, and the trial court assessed punishment at 10 years' confinement. In his sole point of error, appellant argues

that the trial court failed to appoint appellate counsel within the time period in which to file a motion for new trial.

We affirm.

## Background

In 2017, the State charged appellant by indictment with evading arrest with a motor vehicle in cause number 1535144 and unauthorized use of a vehicle in cause number 1535145. The indictments alleged two prior convictions for possession of a controlled substance and indecency with a child.

At a May 8, 2018 plea hearing, appellant pleaded guilty to evading arrest. The trial court noted that "there is no plea bargain." The trial court asked appellant if he understood that he was giving up his right to appeal, and appellant responded, "Yes, Ma'am." He also answered that he understood everything that he signed and everything his appointed counsel explained to him about his pending cases. After appellant's counsel stated that she believed her client was competent, the trial court found him guilty of evading arrest with a motor vehicle and assessed punishment at 10 years' confinement.

The record contains appellant's signed "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," which notes that the "State abandons 1st enhancement paragraph." Although the first enhancement was crossed out, the waiver still included an enhancement for the felony offense of

2

indecency with a child. Appellant signed the confession, noting that he intended to enter a plea of guilty and that his punishment was without an agreed recommendation and that "I waive my right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor." Appellant signed the plea admonishments, indicating that he was charged with evading arrest, a third-degree felony, and acknowledging provisions on plea bargains, permission to appeal,[1] and his judicial confession, among other provisions. Appellant signed the document titled, "Advice of Defendant's Right of Appeal" stating that "If you pled guilty or no contest and accepted the punishment recommended by the prosecutor, you cannot appeal your conviction unless this Court gives you permission. If you waived or gave up your right to appeal, you cannot appeal your conviction." The trial court's original certification of appellant's right to appeal checked the box that states, "The defendant has waived the right of appeal."

On May 8, 2018, the trial court entered judgment, finding appellant pleaded guilty to evading arrest and that the terms of the plea bargain were "No agreed rec, state abandoned one enhancement paragraph."

---

[1] His plea admonishment stated that "If the punishment assessed by the Court does not exceed the punishment recommended by the prosecuting attorney and agreed to by you and your attorney, the Court must give its permission to you before you can appeal any matter in the case, except for matters that were raised by written motion filed prior to trial."

On May 22, 2018, appellant filed a pro se notice of appeal, stating that his counsel was aware that appellant was under the influence of a mind-altering substance when he pleaded guilty and asked to withdraw his plea.

On August 15, 2019, this Court ordered the trial court to conduct a hearing to determine whether appellant waived his right of appeal and whether the enhancement paragraph was dismissed as consideration for appellant's waiver of his right to appeal and, if necessary, to execute an amended certification of appellant's right to appeal.

At an August 30, 2019 hearing, appellant communicated that he wanted to proceed pro se. Appellant stated that he thought he was agreeing to do six years but he later discovered that he agreed to 10 years. When asked again about the waiver of appeal, appellant responded, "I don't remember, because I was high that day." The trial court asked if he was high when he pleaded, to which appellant responded, "Yes, sir." The trial court also inquired if he was supposed to be taking psych meds on the day of the plea. Appellant responded that he was supposed to be taking those meds but that he was not taking them.

The State added that appellant was also charged with unauthorized use of a motor vehicle in cause number 1535145, which was ultimately dismissed. The State explained that the unauthorized use of a motor vehicle was dismissed because the appellant was convicted in the evading-arrest case. The State further asserted

that it would direct the trial court to the plea papers to determine if consideration was given in exchange for the defendant pleading without an agreed recommendation.

After the hearing, the trial court submitted the following findings of fact:

(1) The Court finds the Appellant did not waive his right to appeal.

(2) The Court finds no indication appellant waived his right of appeal in exchange for the State abandoning one of the enhancement paragraphs.

On July 7, 2020, this Court abated the case again, noting that appellant appeared at the previous hearing without counsel and nothing in the record indicated whether appellant had been admonished regarding the dangers and disadvantages of proceeding pro se or whether he made an intelligent and voluntary waiver of the right to counsel on appeal. We instructed the trial court to determine if appellant wanted to pursue his appeal and to determine if appellant wanted to proceed pro se or if new counsel needed to be appointed. We further ordered the trial court to execute an amended certification.

At a September 29, 2020 hearing, an assistant public defender appeared on appellant's behalf, informing the trial court that it intended to file a brief addressing whether appellant was represented during the motion-for-new-trial period. After we were notified that appellant had appellate counsel, we reinstated

5

the case.[2]  On February 25, 2021, appellant filed his brief, and on April 28, 2021, the State filed its brief, arguing that this Court lacked jurisdiction because the trial court's certification stating that appellant had the right to appeal was not included in the record.

On October 21, 2021, we abated again for the trial court to execute an amended certification.  On October 29, 2021, the trial court filed an amended certification, checking the box which states, "the trial court has given permission to appeal, and the [appellant] has the right of appeal."

**Jurisdiction**

Prior to this Court receiving the trial court's amended certification of appellant's right to appeal, the State argued in its brief that we lacked jurisdiction because the record did not contain a certification giving appellant the right of appeal.

The Court of Criminal Appeals has held that a trial court's permission to appeal controls over a defendant's previous waiver of appeal contained in preprinted plea papers.  *Ex parte De Leon*, 400 S.W.3d 83, 90 (Tex. Crim. App. 2013); *Willis v. State*, 121 S.W.3d 400, 403 (Tex. Crim. App. 2003).  Although we initially questioned whether appellant waived his right of appeal, the record reflects that the trial court subsequently granted him permission to appeal.  *See*

---

[2]  On September 25, 2020, we were advised that Melissa Martin, an assistant public defender, would represent appellant.

6

TEX. P. APP. P. 25.2(a)(2)(B). The trial court's amended certification, as confirmed by the supplemental record, indicates that the trial court has given appellant permission to appeal, and accordingly this Court has appellate jurisdiction. *See Murray v. State*, 261 S.W.3d 255, 257 & n.1 (Tex. App.—Houston [14th Dist.] 2008) (citing TEX. R. APP. P. 25.2(a)(2)(B)), *aff'd*, 302 S.W.3d 874 (Tex. Crim. App. 2009).

### Counsel During Motion for New Trial Period

In his sole point of error, appellant argues that the trial court erred in failing to appoint appellate counsel within the 30-day window for filing a motion for new trial in violation of his Sixth Amendment right to counsel at every critical stage of the proceeding.[3] Specifically, appellant argues that the trial court should have appointed appellate counsel when it received appellant's pro se notice of appeal and that we should abate to allow appellant to file a motion for new trial. The State argues that appellant has not overcome the presumption that he had counsel during the new-trial period.

### A. Standard of Review

To abate an appeal for the filing of an out-of-time motion for new trial, the defendant must satisfy two burdens: first, he must show that the trial court

---

[3] In Texas, a criminal defendant has thirty days to file a motion for new trial after the date on which the trial court imposes or suspends sentence in open court. *See* TEX. R. APP. P. 21.4.

7

deprived him of counsel during the thirty-day period for filing a motion for new trial; and second, he must show that the deprivation resulted in harm. *See Cooks v. State*, 240 S.W.3d 906, 911–12 (Tex. Crim. App. 2007). We need only focus on the first of these burdens, because appellant's failure to meet it forecloses his claim for relief.

A defendant can show that the trial court deprived him of counsel if the record establishes that his trial counsel withdrew on the day of sentencing (i.e., at the very beginning of the thirty-day period) and that the trial court failed to appoint appellate counsel despite the defendant's timely request to pursue an appeal. *See Parker v. State*, 604 S.W.3d 555, 558 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Alternatively, if counsel did not withdraw on the day of sentencing, a defendant can still show that he was deprived of counsel if the defendant establishes that counsel provided inadequate representation, which may be demonstrated by such evidence as counsel's mistaken belief that the defendant had no right to appeal. *See, e.g.*, *Monakino v. State*, 535 S.W.3d 559, 565 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (inferring that appellant's trial counsel gave no advice about motion for new trial or appellate process because appellant's trial counsel expressed agreement with State and trial court that appellant did not have right to appeal).

**B.      Analysis**

The record shows that appellant pleaded guilty without an agreed recommendation. The trial court accepted the plea and assessed punishment on May 8, 2018, sentencing appellant to 10 years in prison. On May 22, 2018, appellant filed a pro se notice of appeal. Appellant does not cite, and we have not found, any indication that appellant's trial counsel sought to withdraw or ceased representing appellant. Although there may have been some confusion about whether appellant had the right to appeal, nothing in the record shows that appellant's counsel attempted to withdraw, that the trial court permitted appellant's counsel to withdraw, or that appellant's counsel was under a mistaken belief that appellant had no right to appeal.[4] In the absence of evidence to the contrary, we must presume that trial counsel continued in his duties in representing appellant, as trial counsel was obligated to continue representing appellant through the appellate process unless he was permitted to withdraw by the trial court or relieved by the appointment of appellate counsel—neither of which occurred during the motion-for-new-trial period. *See Oldham v. State*, 977 S.W.2d 354, 361–63 (Tex. Crim. App. 1998) (explaining that trial counsel remains defendant's counsel for all

---

[4]     Appellant's trial counsel filed an "Attorney Fees Expense Claim" on May 31, 2018. *See* TEX. CODE CRIM. PROC. art. 26.05. This document shows that he spent considerable time on the case before the plea and for two days after the plea. The trial court signed the document on June 4, 2018. Again, nothing shows that appellant withdrew from representing appellant or that he did not advise appellant of his right to file a motion for new trial.

9

purposes until expressly permitted to withdraw and is presumed to continue to represent defendant absent evidence showing otherwise and "[t]he fact that the appellant filed a pro se notice of appeal is evidence that she must have been informed of at least some of her appellate rights"). Because appellant has failed to overcome the presumption that trial counsel continued to represent appellant during the period in which to file a motion for new trial, we conclude that appellant's argument lacks merit.

We overrule appellant's sole point of error.

## Conclusion

We affirm the trial court's judgment.

                                        Sherry Radack
                                        Chief Justice

Panel consists of Chief Justice Radack and Justices Kelly and Landau.

Do not publish. *See* TEX. R. APP. P. 47.2(b).