**Affirmed and Memorandum Opinion filed February 10, 2022.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-20-00230-CR

---

**THOMAS JOSEPH ROBBINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 10**
**Harris County, Texas**
**Trial Court Cause No. 2220699**

---

## MEMORANDUM OPINION

Appellant Thomas Joseph Robbins appeals his conviction for misdemeanor driving while intoxicated. *See* Tex. Pen. Code § 49.09. In two issues appellant requests abatement of his appeal for (1) formal sentencing; or, in the alternative, (2) an out-of-time motion for new trial. We affirm.

## BACKGROUND[1]

Appellant was charged by information with the misdemeanor offense of driving while intoxicated. The information further alleged that appellant had been previously convicted of DWI and a misdemeanor weapons charge. After a jury found appellant guilty of DWI, appellant waived his right to have the jury assess punishment and entered into an agreement with the State. Appellant agreed to a suspended one-year sentence probated for two years. The trial court explained the sentence and the conditions of probation and asked whether that was the agreement between the parties. The trial court asked appellant how he pleaded to the agreement, and appellant responded, "Oh, I accept it."

Following a discussion about appellant's right to appeal, appellant's trial counsel announced that he would not be handling the appeal and had filed a motion to withdraw as counsel. Trial counsel filed a timely notice of appeal on appellant's behalf. The district clerk timely filed the clerk's record, but the court reporter notified this court that she would not be timely filing the reporter's record because appellant had not paid for the record and was not appealing as indigent.

At a hearing on April 20, 2020[2], the trial court noted that trial counsel's motion to withdraw was pending. The trial court explained to counsel and appellant that it had no jurisdiction due to the pending appeal. The trial court noted that trial counsel remained as attorney of record on the case. Trial counsel agreed, and appellant understood that trial counsel was his lawyer until appellant found other counsel. At the conclusion of the April 20 hearing, the trial court ensured that trial counsel was

---

[1] Because appellant has not challenged his conviction, we limit the recitation of facts in this opinion to those pertinent to appellant's issues.

[2] The face of the hearing record reflects that the hearing was held August 20, 2020. From reading the entire record, it appears that date contains a typographical error, and the hearing was conducted April 20, 2020.

aware of the appellate deadlines and asked whether appellant and counsel understood their obligations in the case. Both appellant and trial counsel answered that they understood their obligations.

On July 30, 2020, four months after appellant's conviction, and two months after the clerk's record was filed, this court abated appellant's appeal to determine whether appellant was entitled to a free record and appointed counsel on appeal. Thereafter, a series of hearings ensued in the trial court.

On August 6, 2020, the trial court held a hearing at which the court explained that trial counsel remained counsel of record on the appeal and was responsible for meeting any appellate deadlines. Trial counsel noted that appellant filed a Statement of Inability to Afford Payment of Court Costs and that, "Contrary to what the Court says, I'm not of the opinion that I'm on the appeal[.]" The trial court took judicial notice of appellant's Statement of Inability and requested both appellant and trial counsel to appear by Zoom the next day.

On August 7, 2020, the trial court continued the hearing with appellant and trial counsel both present. The trial court announced at the beginning of the hearing that the hearing was being held on the request of the appellate court and its purpose was to determine whether appellant was represented by counsel; if not, whether he was entitled to appointment of counsel, and whether he desired to continue his appeal. Trial counsel stated that appellant wished to continue the appeal and recognized that he had not been released as appellant's counsel. Appellant told the court that he was requesting appointment of counsel for appeal. After appellant testified about his finances and lack of resources to hire an attorney, the trial court dictated the following findings of fact into the record:

1.     Appellant was charged with driving while intoxicated alleged to have occurred on August 9, 2018;

3

2. Appellant was convicted after a jury trial on March 3, 2020;

3. The attorney of record for appellant's trial was Keith Harris;

4. Harris, the attorney of record, filed a notice of appeal on March 13, 2020 and filed a motion to withdraw on March 13, 2020;

5. The motion to withdraw was not granted;

6. A hearing was held on March 30, 2020 to determine whether appellant was going to hire appellate counsel;

7. Mr. Keith Harris was informed that he was continuing as attorney of record;

8. An appeal update from the Harris County District Clerk was filed March 20, 2020;

9. The court was not aware of appellant's Statement of Inability to Afford Payment of Court Costs filed on May 6, 2020;

10. There was no request for a hearing on appellant's Statement of Inability;

11. Due to the lack of request for a hearing, no action was taken on the appeal between May and August; and

12. "[A]t all times this Court considered Keith Harris to be the attorney of record for the appeal."

After questioning appellant further on his Statement of Inability, the trial court asked trial counsel if he had anything to add. Trial counsel noted that he was unaware of some of the notices from the appellate court but that he had received notice of the court's July 30, 2020 abatement order. The trial court responded, "Again, the Court repeats, it was the Court's opinion that Mr. Keith Harris was the attorney of record throughout the appeal." The trial court concluded that appellant was entitled to a free record and appointment of counsel on appeal and expressed an intention to appoint counsel within the next seven days. The court reiterated, "Mr. Robbins, Mr. Harris is still your lawyer. The Court considers Mr. Harris still to be your lawyer until he is replaced[.]"

The trial court reconvened the hearing on August 14, 2020, at which Angela

4

Cameron, an attorney from the Harris County Public Defender's office, appellant, and the State appeared. At the outset, the trial court noted, "The Court had ordered Attorney of Record Mr. Harris to appear today. I don't know why he has not appeared." The trial court stated it accepted appellant's Statement of Inability, ordered that appellant be provided a free reporter's record, and appointed Cameron to represent appellant on appeal. Cameron asked the court to reconvene the hearing for the purpose of questioning Harris about his representation of appellant.

The trial court reconvened the hearing later that afternoon to permit Cameron to question Harris. Harris admitted that his motion to withdraw was not granted and that he remained counsel of record for appellant until that motion was granted. Cameron then questioned Harris as follows:

Q. What steps did you take to advise Mr. Robbins about his appellate rights?

A. I told him that we had to meet deadlines and that he had to find a lawyer because I wasn't able to do the appeal because I didn't have the required expertise to file the appeal. I gave him the information for the appeal and also I filed a motion with the Court in an attempt to get a transcript sent to the appeals court on his behalf so that he could go forward with the appeal.

Q. Okay. Well, you say you gave him the information for the appeal. Did you specifically talk to him about a motion for new trial?

A. Yes.

Q. And you told him about the deadlines?

A. Yes.

Q. But you did nothing to prepare or investigate or try to do a motion for new trial; is that correct? If you did, it's fine.

A. No, I didn't do a motion for a new trial, no.

Q. Did you do any investigation into a motion for new trial?

A. Yeah, we talked about what the possible reasons were for a motion for a new trial.

5

Q. And did he tell you he did not want a motion for new trial?

A. I don't remember, honestly. It's been about four months.

After the trial court questioned Harris, the court appointed Cameron on appeal and released Harris. The following colloquy occurred:

> THE COURT: Are there any additional orders, Ms. Cameron, that are necessary today?
>
> MS. CAMERON: Your Honor, again, if the Court's so inclined, I would like a finding that Mr. Harris abandoned Mr. Robbins during the 30 days for the motion for new trial in that he failed to do anything on that.
>
> THE COURT: Mr. Harris, your response?
>
> MR. HARRIS: I don't agree with the abandonment, Your Honor, but I did not file the motion for a new trial.
>
> THE COURT: The Court so finds that Mr. Harris did abandon his client on the issue of motion for new trial.

## ANALYSIS

Appellant filed a brief with this court in which he does not challenge his conviction or sentence. Appellant seeks abatement for either (1) formal sentencing; or (2) an out-of-time motion for new trial.

## I. The trial court did not err in failing to formally sentence appellant in his presence.

Courts are required to pronounce sentence orally in the defendant's presence. Tex. Code Crim. Proc. art. 42.03, § 1(a); *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim. App. 2004); *Ex parte Madding*, 70 S.W.3d 131, 135 (Tex. Crim. App. 2002). The judgment, including the sentence assessed, is merely a written manifestation of that oral pronouncement. Tex. Code Crim. Proc. art. 42.01, § 1; *Taylor*, 131 S.W.3d at 500; *Madding*, 70 S.W.3d at 135. As explained by the Court of Criminal Appeals in *Madding*, oral pronouncement of the sentence in the presence of the defendant is

necessary because "the imposition of sentence is the crucial moment when all of the parties are physically present at the sentencing hearing and able to hear and respond to the imposition of sentence." *Madding*, 70 S.W.3d at 135. Therefore, "it is the pronouncement of sentence that is the appealable event, and the written sentence or order simply memorializes it and should comport therewith." *Id*. (quoting *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998)).

However, courts are not required to openly pronounce "sentence" when that sentence is suspended, and probation is granted. *Sur. Corp. of Am. v. State*, 550 S.W.2d 689, 690 (Tex. Crim. App. 1977). A sentence, as defined by article 42.02 of the Code of Criminal Procedure, is required to be pronounced in all cases before an appeal is taken, except in death penalty cases and in probation cases where imposition of sentence is suspended. Tex. Code Crim. Proc. art. 42.04; *Woods v. State*, 532 S.W.2d 608, 610 (Tex. Crim. App. 1976). Where, as in the instant case, the accused is granted probation, there is no formal sentencing as contemplated by articles 42.02 and 42.03. Therefore, the trial court did not err in failing to formally pronounce sentence. We overrule appellant's first issue.

## II. Appellant has not shown entitlement to an out-of-time motion for new trial.

In appellant's second issue he contends that based on the trial court's finding that trial counsel abandoned appellant "on the issue of motion for new trial," appellant has rebutted the presumption of continued representation and demonstrated that he was deprived of counsel during the entirety of this critical stage of the proceeding.

A criminal defendant has thirty days after the trial court imposes his sentence to file a motion for new trial. Tex. R. App. P. 21.4; *see also* Tex. R. App. P. 21.2 (providing that motion for new trial is "prerequisite to presenting a point of error on

appeal only when necessary to adduce facts not in the record"). The thirty-day time period for filing a motion for new trial is a critical stage in a criminal proceeding, and a defendant has a constitutional right to counsel during that period. *Cooks v. State*, 240 S.W.3d 906, 911 (Tex. Crim. App. 2007). If a defendant was represented by counsel at trial, there is a rebuttable presumption that trial counsel continued to represent the defendant after trial. *Cooks*, 240 S.W.3d at 911. This presumption is rebutted if the record affirmatively reflects that the defendant was not adequately represented by counsel during the time period for filing a motion for new trial. *Oldham v. State*, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998); *see also Cooks*, 240 S.W.3d at 911 (holding that the presumption was rebutted when the record showed that the defendant was unrepresented during the initial twenty days, and appellate counsel stated there was not enough time to adequately assist the defendant in deciding whether to file a motion for new trial); *Massingill v. State*, 8 S.W.3d 733, 737 (Tex. App.—Austin 1999, no pet.) (holding that the presumption was rebutted when the record showed that the defendant was unrepresented for more than half of the time period for filing a motion for new trial).

Appellant bears the burden of presenting evidence to rebut the presumption of continued representation. To defeat the presumption, the record must show more than the mere facts that

- appellant filed a pro se Statement of Inability to Afford Payment of Court Costs;
- the trial court appointed appellate counsel after the expiration of the time for filing a motion for new trial;
- on appeal, appellant claims that he would have complained about ineffective assistance of counsel in a motion for new trial, had one been presented;
- appellant appeared in court without counsel when he signed the pauper's oath requesting appointed appellate counsel; and

8

- the record shows no activity by trial counsel or any motion to withdraw from the case.

*Oldham*, 977 S.W.2d at 362–63 (holding that facts that Oldham filed pro se notice of appeal and indigence, that trial court noted that attorney of record on appeal was "to be determined," that trial counsel did not withdraw from case or conduct any activity after Oldham was sentenced, and that trial court appointed appellate counsel after expiration of window for filing motion for new trial, were insufficient to rebut presumption that trial counsel continued to represent appellant during window for filing motion for new trial); *Smith v. State*, 17 S.W.3d 660, 662–63 (Tex. Crim. App. 2000) (holding that facts that Smith filed pro se notice of appeal, that trial court appointed appellate counsel after expiration of window for filing motion for new trial, that Smith was brought to court without counsel when he signed pauper's oath to receive appointed appellate counsel, and that Smith complained about ineffective assistance of counsel that he claims he would have developed at motion for new trial hearing, were insufficient to rebut presumption that trial counsel continued to represent appellant during window for filing motion for new trial).

Other circumstances that show an absence of representation by appellate counsel do not translate into an absence of representation by trial counsel, who is presumed to have continued to effectively represent the appellant, "unless the record affirmatively displays otherwise." *See Oldham*, 977 S.W.2d at 362–63. The court concluded in *Oldham* that "the record shows that the appellant was officially represented by counsel at all times in the litigation, and the appellant has failed to overcome the presumption that counsel was acting effectively at all times." *Id*. at 363.

Under *Oldham* and *Smith*, we must determine whether the record evidence is sufficient to rebut the presumption that appellant was effectively represented by

9

counsel during the post-trial period for filing a motion for new trial. *Oldham*, 977 S.W.2d at 362–63; *Smith*, 17 S.W.3d at 662. Like Oldham and Smith, appellant filed a pro se statement of indigence, and the trial court appointed appellate counsel after the expiration of the window for filing a motion for new trial.[3] *See Oldham*, 977 S.W.2d at 355; *Smith*, 17 S.W.3d at 661. Also as in *Oldham*, trial counsel did not withdraw from the case or conduct any activity after the trial court sentenced appellant. *See Oldham*, 977 S.W.2d at 362–63. Further, no appellate attorney was appointed by the trial court when either Oldham or appellant was sentenced, and appellant's attorney being appointed after an abatement to determine who his counsel was because no record or brief had been filed. *See id*. at 355.

The primary "fact" that is dissimilar to *Oldham* and *Smith* is the trial court's finding after abatement that trial counsel abandoned appellant "on the issue of motion for new trial." Appellant does not assert that trial counsel failed to consult with and fully advise him about the "meaning and effect of the judgment rendered by the court." *See Ex parte Axel*, 757 S.W.2d 369, 374 (Tex. Crim. App. 1988). Appellant does not allege that trial counsel failed to consider or discuss the option of filing a motion for new trial, or that he refused to file one, or even that appellant made such a request. *See Benson v. State*, 224 S.W.3d 485, 497 (Tex. App.—Houston [1st Dist.] 2007, no pet.). In fact, the record reflects that counsel discussed the filing of a motion for new trial with appellant but counsel does not remember whether appellant told him not to file a motion. Appellant further does not argue that trial counsel failed to express his professional judgment as to possible grounds for appeal and their merit, or failed to delineate advantages and disadvantages of appeal. *See Axel*, 757 S.W.2d at 374.

---

[3] Unlike Oldham and Smith, appellant did not file a pro se notice of appeal because his trial counsel filed a timely notice.

10

Relying on the trial court's finding that trial counsel "did abandon his client on the issue of motion for new trial," appellant contends he has successfully rebutted the presumption that he was adequately represented during the thirty-day period for filing a motion for new trial. There is room to discuss whether the trial court's finding can bear the weight appellant would have it carry. The totality of the abatement hearings reflects that appellant was represented by counsel during the thirty-day period for filing a motion for new trial and that counsel discussed filing a motion for new trial with appellant. In at least three hearings the trial court stated on the record that appellant continued to be represented by Harris. Even Harris testified that he did not agree that he abandoned appellant during the thirty-day period for filing a motion for new trial. Appellant's only evidence to rebut the presumption of representation is the trial court's finding that counsel abandoned appellant "on the issue of motion for new trial."

We cannot consider the trial court's finding, however, because it was without jurisdiction to make such a finding. The appellate court may restore jurisdiction in the trial court by abating the appeal and remanding the case to the trial court for further action. *See* Tex. R. App. P. 44.4; *LaPointe v. State*, 225 S.W.3d 513, 520–22 (Tex. Crim. App. 2007); *Green v. State*, 906 S.W.2d 937, 940 n.4 (Tex. Crim. App. 1995). The trial court's jurisdiction upon remand is not unlimited. *See Lewis v. State*, 711 S.W.2d 41, 43 (Tex. Crim. App. 1986).

The purported finding of abandonment was made August 14, 2020, five months after notice of appeal was filed and three months after the clerk's record was filed in this court. The trial court had no jurisdiction to hold an evidentiary hearing and make a finding beyond the scope of the abatement order issued by this court. *See* Tex. R. App. P. 25.2(g); *Green v. State*, 906 S.W.2d 937, 939 (Tex. Crim. App. 1995) ("[O]nce the trial record has been filed with the Court of Appeals or this Court,

11

the trial court no longer has jurisdiction to adjudicate the case."); *Nava v. State*, 480 S.W.3d 759, 763 (Tex. App.—Houston [1st Dist.] 2015), pet. ref'd) ("When an appeal is abated, the trial court regains limited jurisdiction."). This court's abatement order directed the trial court to determine whether appellant desired to prosecute his appeal, and, if so, whether appellant was indigent, and, thus entitled to a free record and appointed counsel on appeal. By making a finding of abandonment "on the issue of motion for new trial," the trial court exceeded the scope of the abatement order.

We must presume that counsel who represented appellant at trial adequately counseled appellant and continued to represent him during the window for filing a motion for new trial. *Oldham*, 977 S.W.2d at 362–63. We must further presume that appointed trial counsel discussed with appellant the option of filing a motion for new trial and that appellant chose not to file one. *See id*. To rebut the presumption, the record must "compel the conclusion that appellant was abandoned by trial counsel." *Monakino v. State*, 535 S.W.3d 559, 565 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (quoting *Green v. State*, 264 S.W.3d 63, 71 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd)). The record in this case does not compel such a conclusion. Even if we could consider the trial court's post-judgment finding of abandonment, the record does not support such a finding. The record reflects appellant was officially represented by counsel at all times in the litigation and that counsel discussed with appellant the option of filing a motion for new trial. Appellant has failed to overcome the presumption that counsel was acting effectively at all times. We overrule appellant's second issue.

## CONCLUSION

Having overruled appellant's issues on appeal we affirm the trial court's judgment of conviction.

12

/s/ Jerry Zimmerer
Justice


Panel consists of Justices Wise, Bourliot, and Zimmerer (Bourliot, J. dissents without opinion).
Do Not Publish — Tex. R. App. P. 47.2(b).